UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CR. NO. 26-86 (NEB/JFD)

UNITED STATES OF AMERICA,

Plaintiff,

vs.

CHRISTOPHER JOSIAH OSTROUSHKO (1),

PAIGE MARIE OSTROUSHKO (2),

DEYANNA MARIE OSTROUSHKO (3),

Defendants.

**DEFENDANTS CHRISTOPHER JOSIAH OSTROUSHKO AND PAIGE MARIE OSTROUSHKO'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS COUNT ONE OF THE INDICTMENT**

The grand jury charged defendants Christopher Josiah Ostroushko and Paige Marie Ostroushko in Count One with a federal civil-rights felony under 18 U.S.C. § 245(b)(1)(B), which carries a ten-year statutory maximum. That count consists of one sentence that recites the words of the statute and then stops. The defendants move to dismiss it under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) because it fails to state an offense.

Section 245(b)(1)(B) punishes force used against a person because she was participating in a "benefit, service, privilege, program, facility, [or] activity

provided or administered by the United States." Count One never says which federal activity is at issue. It does not identify the activity, does not name the person, and does not describe a single act that either defendant is alleged to have committed. Yet the identity of that federal activity is the element that separates a ten-year federal felony from the ordinary assault the same grand jury charged, on the same date and the same facts, in the counts that follow.

Section 245(b)(1)(B) criminalizes interference with a category of protected activity that the statute itself never defines. When Congress legislates by such generic reference, an indictment cannot simply parrot the statute's words; the grand jury must descend to particulars and identify which protected activity is at issue. The Supreme Court has enforced that rule for well over a century. Here, the grand jury supplied no particulars at all.

Several independent grounds each require dismissal. First and foremost, the count omits an essential element and so states no offense — a defect that also offends the Fifth Amendment's grand-jury guarantee and that particulars cannot cure. It fails both constitutional functions an indictment must serve, and its silence on the victim, on any act of either defendant, and on the person said to have suffered bodily injury confirms that it descends to no particulars at all. To the extent the Government's unstated theory is that the victim's mere presence on federal property was itself the protected activity, the count fails because § 245(b)(1)(B) does not bear that construction. And, independently of every

pleading defect, § 245 forbids any prosecution unless the Attorney General has certified it in writing. The record does not reflect that certification.

The defendants respectfully ask the Court to dismiss Count One. Because a bill of particulars cannot repair a count that omits an element the grand jury never found, dismissal rather than clarification is the required course. The remaining assault counts are unaffected by this motion.

## BACKGROUND

The Indictment names Christopher Josiah Ostroushko and Paige Marie Ostroushko as defendants (1) and (2), and Deyanna Marie Ostroushko as defendant (3). (Indictment, ECF No. 1, at 1.) Count One charges interference with a federally protected activity, in violation of 18 U.S.C. § 245(b)(1)(B), and alleges that the charged conduct occurred "[o]n or about April 11, 2026, in the State and District of Minnesota[.]" (*Id.*)

Count One consists of a single sentence. It alleges that the Defendants Christopher Josiah Ostroushko and Paige Marie Ostroushko:

> did by force or threat of force willfully injure, intimidate, and interfere with, and attempt to injure, intimidate, and interfere with the rights of another, because she was and had been participating in or enjoying a benefit, service, privilege, program, facility, and activity provided or administered by the United States, which did result in bodily injury[.]
>
> (*Id.*)

The count then cites § 245(b)(1)(B) and stops. (*Id.*)

The count does not identify the particular "benefit, service, privilege, program, facility, and activity provided or administered by the United States" in which the "other" person was said to have been participating. (*Id.*) It refers to the person allegedly injured or interfered with only as "the rights of another" and "she," without naming or otherwise identifying that person. (*Id.*) It describes no specific act that either defendant is alleged to have committed. (*Id.*) And it alleges that the offense "did result in bodily injury" without stating to whom the injury was caused or how the alleged bodily injury occurred. (*Id.*)

The remaining counts arise from the same date and place. Counts 2, 3, and 4 charge assault, in violation of 18 U.S.C. §§ 113(a)(5) and 2, each alleging that a defendant "did aid and abet the assault of, and aided and abetted by others, did assault Victim 1" within "the exterior boundaries of federal property owned by the General Services Administration and Department of Veterans Affairs." (*Id.* at 1–2.) Those counts identify the person assaulted as "Victim 1." (*Id.*) Count One does not.

The Indictment was returned as a true bill and filed on April 28, 2026. (*Id.* at 3.) Count One and the assault counts thus rest on the same date and the same district. Only Count One, however, invokes participation in a federally protected activity as the basis for the charge.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(3)(B)(v) permits a defendant to move before trial to dismiss a count that fails to state an offense. An indictment is legally sufficient only if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend," and "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). The Supreme Court measures sufficiency by these same two criteria — whether the indictment contains the elements of the offense intended to be charged and sufficiently apprises the defendant of what he or she must be prepared to meet, and whether the record shows with accuracy the extent to which he may later plead a former acquittal or conviction. *Russell v. United States*, 369 U.S. 749, 763 (1962). The Eighth Circuit applies a three-part test drawn from these principles: the indictment must (1) contain all essential elements, (2) fairly inform the defendant of the charges, and (3) allege enough to allow a plea of conviction or acquittal as a bar to a later prosecution. *United States v. Huggans*, 650 F.3d 1210, 1217 (8th Cir. 2011) (quoting *United States v. Summers*, 137 F.3d 597, 601 (8th Cir. 1998)). The Eighth Circuit has recently confirmed that a court reviewing a motion to dismiss for failure to state an offense "accept[s] the allegations in the indictment as true and ask[s] whether they can form the basis of the charged offense," and that "[w]hether an indictment sufficiently states an offense … depends on the elements

of the charged offense." *United States v. Welker*, 75 F.4th 820, 823 (8th Cir. 2023) (quoting *United States v. Hansmeier*, 988 F.3d 428, 436 (8th Cir. 2021)). A count is therefore insufficient not only when it omits an element, but also when the facts it alleges, taken as true, cannot as a matter of law establish the charged offense. *Hansmeier*, 988 F.3d at 436.

An indictment may generally charge an offense in the words of the statute, but only where those words "of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Hamling*, 418 U.S. at 117 (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)). Where the statute defines the offense in generic terms, that is not enough; the indictment "must state the species,—it must descend to particulars." *United States v. Cruikshank*, 92 U.S. 542, 544 (1875). The requirement applies with special force because, "[w]here guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute." *Russell*, 369 U.S. at 764.

These requirements are rooted in the Fifth Amendment's guarantee that a defendant be tried only on the charges the grand jury actually found, and for that reason "a bill of particulars cannot save an invalid indictment." *Russell*, 369 U.S. at 770. The Eighth Circuit has treated the omission of an essential element as "a matter of substance and not form." *United States v. Denmon*, 483 F.2d 1093,

1096 (8th Cir. 1973). And because this challenge is raised before trial, "reference to a statute cannot cure a defect in the indictment where it fails to allege the elements of the crime"; the liberal construction reserved for challenges made after jeopardy attaches does not apply. *United States v. Graham*, 572 F.3d 954, 956 (8th Cir. 2009) (quoting *United States v. James*, 980 F.2d 1314, 1318 (9th Cir. 1992)).

## ARGUMENT

Count One must be dismissed for failure to state an offense. The count omits the federally protected activity that is the core element of § 245(b)(1)(B). Because it charges only in the statute's generic terms, the defect is one only the grand jury could cure. The count fails both functions an indictment must serve. Its silence on the victim, on the defendants' acts, and on the person said to have been injured confirms that it descends to no particulars. To the extent the Government means to rest on the victim's presence on federal property, that theory is not one § 245(b)(1)(B) will bear. And, independently, the record does not reflect the Attorney General certification that § 245 requires.

### I. Count One Fails to State an Offense Because It Does Not Identify the Federally Protected Activity That § 245(b)(1)(B) Requires

Count One fails at the most basic level of criminal pleading: it never identifies the federally protected activity that § 245(b)(1)(B) makes the object of

the offense. That activity is an essential element of the crime, it is the "species" that a statute cast in generic terms requires the grand jury to state, and it is the fact on which the statute's "because" element and its willfulness requirement both depend. Each of these defects independently requires dismissal, and together they confirm that Count One charges nothing more than the words of the statute.

### A. The Specific Federally Protected Activity Is an Essential Element the Indictment Must Allege

The specific federal activity in which the victim was participating is an essential element of a § 245(b)(1)(B) offense, and an indictment that omits an essential element states no offense. *Hamling*, 418 U.S. at 117. The Eighth Circuit likewise requires that a sufficient indictment "contain[] all of the essential elements of the offense charged." *Huggans*, 650 F.3d at 1217 (quoting *Summers*, 137 F.3d at 601).

Section 245 reaches one who "by force or threat of force willfully injures, intimidates or interferes with" a person "because he is or has been … participating in or enjoying" a protected activity, 18 U.S.C. § 245(b)(1), and, because Count One is charged under § 245(b)(1)(B), that activity must be one "provided or administered by the United States[.]" *Id.* § 245(b)(1)(B). Participation in the specific federal facility or activity — and the defendant's intent to interfere with the victim's use of it — is therefore an element the Government must prove, not a detail it may withhold and supply at trial. Courts construing the identical operative

language agree. *See United States v. Bryan*, 159 F.4th 1274, 1289–91 (11th Cir. 2025) (treating as distinct elements that the victim was "participating in or enjoying" a "benefit, service, privilege, program, facility[,] or activity" and that it was "provided or administered by" the government); *United States v. Nelson*, 277 F.3d 164, 190 (2d Cir. 2002) (statute reaches only force directed at a victim "because she was engaging in an activity the statute protects").

Count One never identifies that activity. It recites the statutory list: participation in "a benefit, service, privilege, program, facility, and activity provided or administered by the United States," but does not provide any information on what item in this list is at issue. (Indictment at 1.) The only other particulars the count supplies are the offense date and the district. (*Id.*) The indictment's citation to § 245(b)(1)(B) cannot substitute for the missing element.

Reciting the statute and citing it are not enough. In *United States v. Olson*, the Eighth Circuit held a bank-robbery count insufficient for omitting the force element even though the count was labeled "Bank Robbery," described the teller as a "victim," and cited the robbery statute — and it reached that conclusion under the deferential standard that governs a challenge made after jeopardy attaches. 262 F.3d 795, 799 (8th Cir. 2001). "[C]itation of the statute, without more, does not cure the omission of an essential element of the charge." *Id.* (*citing United States v. Camp*, 541 F.2d 737, 740 (8th Cir. 1976)). The rule is settled in this Circuit: where "an essential element of the charge has been omitted from the indictment, the

omission is not cured by the bare citation of the charging statute." *United States v. Zangger*, 848 F.2d 923, 925 (8th Cir. 1988). A statutory citation "adds no factual information as to the act itself." *Camp*, 541 F.2d at 740.

The defect is only starker on this pre-trial motion. When an indictment "is questioned prior to trial, reference to a statute cannot cure a defect in the indictment where it fails to allege the elements of the crime." *Graham*, 572 F.3d at 956. That the Eighth Circuit found indictments insufficient for omitting an element even under the liberal construction reserved for post-jeopardy challenges underscores this point. *Olson*, 262 F.3d at 799. The omission of an essential element "is a matter of substance and not form," and so is not a defect the count can survive. *Denmon*, 483 F.2d at 1096. Because Count One, like the bank-robbery count the Eighth Circuit found insufficient even under the liberal post-jeopardy standard in *Olson*, "failed to allege a violation of that statute," it states no offense and must be dismissed. *Olson*, 262 F.3d at 800.

### B. Because § 245(b)(1)(B) Defines the Offense by Generic Reference, the Indictment Must Descend to Particulars

Even setting aside the wholesale absence of an essential element, Count One is deficient because § 245(b)(1)(B) defines the offense in generic terms, and an indictment cannot charge such an offense in the statute's own generic words. As the Supreme Court held in *Cruikshank*, "where the definition of an offence, whether it be at common law or by statute, 'includes generic terms, it is not

sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species,—it must descend to particulars.'" *Russell*, 369 U.S. at 765 (quoting *Cruikshank*, 92 U.S. at 558). The indictment must both "furnish the accused with such a description of the charge against him as will enable him to make his defence, and avail himself of his conviction or acquittal for protection against a further prosecution for the same cause," and "inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction." *Cruikshank*, 92 U.S. at 544. "For this, facts are to be stated, not conclusions of law alone." *Id.* Whether a given activity is one the statute protects "is a question of law, to be decided by the court," so the indictment "should … state the particulars, to inform the court as well as the accused." *Id.*

The Supreme Court has reaffirmed that this rule retains undiminished vitality. *Russell*, 369 U.S. at 765. As the Court put it, "[w]here guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute." *Id.* at 764. Charging in the words of a statute suffices only where those words "of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." *Id.* at 765 (quoting *Carll*, 105 U.S. at 612).

Where the statutory words are generic, they "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence." *Hamling*, 418 U.S. at 117 (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)). The obscenity indictment in *Hamling* survived only because the word "obscene," "as used in 18 U.S.C. [§] 1461, is not merely a generic or descriptive term, but a legal term of art." *Id.* at 118.

Section 245(b)(1)(B)'s open-ended list of federally provided or administered activities is the opposite of a fixed term of art. It is a six-item catalogue — benefit, service, privilege, program, facility, activity — whose outer boundary is defined only by the vast range of things the United States provides or administers. Like the civil-rights statutes in *Lanier*, its general terms "incorporate … law by reference," so that "neither the statutes nor a good many of their constitutional referents delineate the range of forbidden conduct with particularity." *United States v. Lanier*, 520 U.S. 259, 265 (1997).

The line between a valid and an invalid civil-rights charge makes the deficiency concrete. In *Cruikshank* the counts failed because they alleged interference with "'every, each, all, and singular' the rights granted them by the Constitution," and, as the Court observed, "[t]here is no specification of any particular right." 92 U.S. at 557. The Fifth Circuit read *Cruikshank* the same way in *Purvis*, explaining that the indictment "failed because it baldly alleged that defendants conspired to deprive citizens of 'every, each, all, and singular' rights

without specification of any particular right," while the *Purvis* indictment survived because it "specifies which constitutional right is at issue." *United States v. Purvis*, 580 F.2d 853, 858 (5th Cir. 1978). So too in *United States v. Hillie*, the court dismissed counts that offered "only a verbatim recitation of the language of the criminal statute, devoid of any facts regarding the circumstances of Hillie's behavior," 227 F. Supp. 3d 57, 72 (D.D.C. 2017), because a generically defined offense requires that the indictment "state the species[ ]—it must descend to particulars," *Id.* (quoting *United States v. Thomas*, 444 F.2d 919, 921 (D.C. Cir. 1971)).

Count One does exactly what those authorities forbid. It recites § 245(b)(1)(B)'s generic list of federal activities and identifies no particular activity within it. (Indictment at 1.) Indeed, it does not even elect among the six statutory nouns: it alleges participation in "a benefit, service, privilege, program, facility, *and* activity," listing the entire statutory menu conjunctively rather than charging any one of them. Like the counts condemned in *Cruikshank*, its language is "broad enough to cover all," and it therefore "lack[s] the certainty and precision required by the established rules of criminal pleading." 92 U.S. at 557, 559. Count One must be dismissed.

### C. Without the Federal Activity, the "Because Of" Element Is Pleaded Only as a Conclusion

The missing activity also leaves the statute's causal element pleaded as nothing more than a conclusion. The "because of" nexus — that the defendants acted because the victim was participating in the protected activity — is an independent element of a § 245(b)(1)(B) offense. *Nelson*, 277 F.3d at 185–86 (the statute reaches only force committed "because" the victim was participating in or enjoying a protected facility or activity). Under § 245(b)(1)(B) the point is sharper still than under the race-based subsection at issue in *Nelson*: subsection (b)(1) contains no racial-motivation requirement, *see United States v. Pimentel*, No. 91 CR. 83 (JFK), 1991 WL 73853, at *1 (S.D.N.Y. Apr. 30, 1991), so participation in the federal activity is the sole discriminatory nexus that distinguishes the offense from an ordinary assault. And the word "because" imposes a but-for causation requirement, *Bryan*, 159 F.4th at 1289, proof the Government cannot begin to supply, and the grand jury cannot be said to have found, when the activity itself is never identified. A causal element pleaded as a bare conclusion does not satisfy the pleading rules, because "facts are to be stated, not conclusions of law alone." *Cruikshank*, 92 U.S. at 544.

Count One alleges only that the defendants acted "because she was and had been participating in or enjoying" a federal activity, without ever identifying that federal activity. (Indictment at 1.) A "because" allegation is only as concrete as the object it points to, and here the object is missing — leaving the causal element as the kind of legal conclusion *Cruikshank* forbids rather than the "specific

identification of fact" *Russell* requires when guilt turns on it. *Cruikshank*, 92 U.S. at 544; *Russell*, 369 U.S. at 764.

The defect is not incidental. Section 245 authorizes imprisonment for up to ten years where bodily injury results, 18 U.S.C. § 245(b), and the same April 11, 2026 conduct is separately charged as an assault under §§ 113(a)(5) and 2, (Indictment at 1–2), so that only the federally protected-activity element separates the felony from the assault. Because the activity is unidentified, neither the defendants nor the Court can test whether the Government's theory of causation is legally viable — the very determination *Cruikshank* holds the indictment must enable the court to make. *Cruikshank*, 92 U.S. at 544. The causal element is therefore unpleaded in substance, and Count One should be dismissed.

## II. The Grand Jury Charged Only in Generic Terms, So the Defect Is Structural and Cannot Be Cured by a Bill of Particulars

Because Count One is cast entirely in generic terms, no one can know whether the grand jury found an essential fact — the particular federal activity at issue— and the resulting defect is a Fifth Amendment grand-jury violation that no bill of particulars can cure. As *Stirone* recognized, a variance from the indictment destroys "the defendant's substantial right to be tried only on charges presented in an indictment returned by a grand jury." *Stirone v. United States*, 361 U.S. 212, 217 (1960). The grand-jury requirement exists to limit a defendant's jeopardy to

offenses charged by a group of fellow citizens acting independently of the prosecutor or the judge. *Id.* And since *Ex parte Bain*, the rule has been that an indictment's charges may not be broadened by amendment except by the grand jury itself. *Id.* at 215–16.

Because Count One recites only the entire generic statutory list and names no federal activity, there is no way to know which activity — if any — the grand jury found. (Indictment at 1.) As the Eighth Circuit explained in *Camp*, "[o]nly the words of the indictment give evidence of whether the grand jury considered and included within the offense charged the essential element." 541 F.2d at 740. A statutory citation "does not ensure that the grand jury has considered and found all essential elements of the offense charged." *Zangger*, 848 F.2d at 925 (quoting *United States v. Pupo*, 841 F.2d 1235, 1239 (4th Cir. 1988) (en banc)). And where an essential element is missing, the court in *Denmon* could not say that the grand jury would have returned a true bill, leaving "no assurance that the grand jury would indict if it had not considered all of the essential elements of the crime." 483 F.2d at 1095, 1097.

The Government cannot repair the defect by furnishing particulars after the fact. "[I]t is a settled rule that a bill of particulars cannot save an invalid indictment." *Russell*, 369 U.S. at 770. Allowing "the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury" would deprive the defendants of a basic protection the grand-jury guarantee secures,

permitting them to be convicted on facts the grand jury that indicted them never found, and perhaps never even saw. *Id.* An indictment therefore "may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form." *Id.*

Because the grand jury "did not see or participate in preparing the bill of particulars or the trial court's instructions," in *Camp*, those devices could not show that the grand jury itself had charged the omitted element. 541 F.2d at 740. And in *Hillie*, the court applied the settled rule that, although "a valid indictment can be clarified through a bill of particulars, an invalid indictment cannot be saved by one," a bill of particulars "does not preserve [the defendant's] right to be tried on a charge found by a grand jury." 227 F. Supp. 3d at 81 (quoting *Gaither v. United States*, 413 F.2d 1061, 1067 (D.C. Cir. 1969)).

The defendants have separately moved for a bill of particulars, and that motion should be granted. But it is not an alternative to dismissal. The two requests address different problems: particulars would tell the defendants what the *prosecutor* now intends to prove; only the grand jury can supply what the *grand jury* actually charged. As in *Stirone*, "we cannot know whether the grand jury would have included in its indictment" the theory on which any conviction might rest, and "[t]he right to have the grand jury make the charge on its own judgment is a substantial right which cannot be taken away." 361 U.S. at 219. Count One must be dismissed, and consistent with the ordinary remedy for a facially

insufficient count, the dismissal should be without prejudice. *Zangger*, 848 F.2d at 925.

## III. Count One Serves Neither Constitutional Function an Indictment Must Perform

Even apart from the missing element, Count One fails both of the functions the Constitution requires an indictment to serve. *Russell* measures the sufficiency of an indictment by two criteria — whether it apprises the defendant of what he must be prepared to meet, and whether the record shows the extent to which he may later plead former jeopardy. 369 U.S. at 763. Count One serves neither.

### A. Count One Fails to Apprise the Defendants of What They Must Be Prepared to Meet

Count One tells the defendants almost nothing about what they must defend against. An indictment must contain the elements of the offense charged and fairly apprise the defendant of what he must be prepared to meet. *Id.* The Eighth Circuit's test states the same requirement: the charge must "fairly inform[] the defendant of the charges against which he must defend." *Huggans*, 650 F.3d at 1217 (quoting *Summers*, 137 F.3d at 601). And that notice is measured against the element on which guilt turns: "[w]here guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment

must do more than simply repeat the language of the criminal statute." *Russell*, 369 U.S. at 764.

Count One identifies no particular federal activity, does not name the person interfered with, and describes no act; it supplies only the offense date and the district. (Indictment at 1.) The defendants therefore cannot know which of the statute's enumerated categories of federal activity the Government intends to prove, what evidence bears on it, or how to contest the causal link — the precise uncertainty *Russell* held intolerable where the missing fact is the core of criminality. *Id.*

The categories are not interchangeable, and the choice among them would reshape the defense. A theory that the victim was receiving a federal *benefit* or *service* would put her dealings with a federal agency at the center of the case. A theory resting on a federal *program* would raise questions of eligibility and enrollment. A theory resting on her presence in a federal *facility* would raise a pure question of statutory construction, addressed in Part IV below. Each theory calls for different witnesses, different records, and a different cross-examination. The Indictment permits the Government to choose among them for the first time at trial.

This is not a case in which statutory language plus a date and place supplies adequate notice. In *Resendiz-Ponce* the Supreme Court upheld such an indictment only because guilt there did not "depen[d] so crucially upon such a specific

identification of fact." *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007) (quoting *Russell*, 369 U.S. at 764). Count One is the opposite: as in *Russell* itself, the unspecified item — the federal activity — is "central to every prosecution under the statute," so more than the statutory words is required. *Id.* at 109. As *Hillie* put it, an indictment "must fairly apprise the accused of the conduct allegedly constituting the offense so as to enable him to prepare a defense against those allegations." 227 F. Supp. 3d at 70 (quoting *United States v. Dale*, 782 F. Supp. 615, 621 (D.D.C. 1991)).

Count One does not fairly apprise the defendants of the conduct or the federal activity they must be prepared to meet. Because the fact on which guilt depends is the very fact the count omits, familiarity with the underlying incident cannot tell the defendants which federal-activity theory the Government will pursue. The count fails the first criterion *Russell* prescribes and should be dismissed on that ground. *Russell*, 369 U.S. at 763.

**B. Count One Does Not Enable the Defendants to Plead Former Jeopardy**

Count One also fails the second constitutional function: it does not enable the defendants to plead former jeopardy against a later prosecution. Sufficiency turns in part on whether, should other proceedings be taken against the defendant for a similar offense, the record "shows with accuracy to what extent he may plead a former acquittal or conviction." *Russell*, 369 U.S. at 764. The Eighth Circuit states the same requirement as the third prong of its test — the indictment must

"alleg[e] sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *Huggans*, 650 F.3d at 1217 (quoting *Summers*, 137 F.3d at 601). And *Hamling* frames the same point as the second constitutional requirement — that the indictment "enable[] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." 418 U.S. at 117.

Count One cannot perform that function. Because it identifies no federal activity, no victim, and no act — only a date and a district — a judgment on Count One would not define the conduct placed in jeopardy. (Indictment at 1.) The same April 11, 2026 incident underlies Counts 2 through 4, which charge assault of "Victim 1," (*Id.* at 1–2), so the defendants would remain exposed to a later § 245 prosecution premised on a different asserted federal activity, with no way to show which activity this grand jury charged. *Hillie* confronted the identical problem: because the counts lacked factual specificity, "it is not at all clear that a future prosecution for conduct arising out of these same charges would be barred." 227 F. Supp. 3d at 79.

That protection cannot be supplied after the fact; it must appear from the charge itself. Because Count One does not fix the boundaries of the offense, it fails the double-jeopardy criterion and should be dismissed for this independent reason. *Hamling*, 418 U.S. at 117.

## IV. To the Extent the Government's Theory Is That the Victim's Presence on Federal Property Was Itself the Protected Activity, Count One Fails as a Matter of Law

The defendants raise this argument in the alternative, and only because the Indictment forces them to guess. Count One does not state the Government's theory of the federal activity. But the assault counts allege that the incident occurred "within the exterior boundaries of federal property owned by the General Services Administration and Department of Veterans Affairs." (Indictment at 1–2.) If the Government's § 245(b)(1)(B) theory is that the victim's presence on that property was itself her participation in a federal "facility" or "activity," then Count One is insufficient for the further reason that the statute does not bear that construction. That is a question the Court may resolve on this motion: a count fails to state an offense not only when it omits an element but also when the facts it alleges, accepted as true, fall outside the charged statute as a matter of law. *Welker*, 75 F.4th at 823; *Hansmeier*, 988 F.3d at 436.

The government's presence theory would read the "because" element out of the statute. On a mere presence construction, every person inside a federal building is, at every moment, "participating in or enjoying" a federal facility. The causal element would then be satisfied automatically by the location of the offense, and § 245(b)(1) would cease to distinguish civil-rights violence from ordinary violence that happens to occur on federal land.

A mere presence theory would render 18 U.S.C. § 113 superfluous. Congress enacted § 113 to punish assaults committed within the special maritime and

territorial jurisdiction of the United States — that is, assaults on federal property. The Government has charged precisely that offense here, in Counts 2 through 4, as a misdemeanor under § 113(a)(5). (Indictment at 1–2.) If presence on federal property also converted the same assault into a § 245(b)(1)(B) violation, then every § 113(a)(5) assault committed on federal land would simultaneously be punishable by ten years, and § 113's graduated penalty scheme would serve no purpose. This case illustrates the anomaly: the same conduct, on the same day, is charged both ways.

A mere presence theory would disregard Congress's own limits on § 245. Section 245(a)(1) expressly disclaims any intent to displace state jurisdiction over the same acts, and conditions every federal prosecution on a non-delegable certification of federal necessity. 18 U.S.C. § 245(a)(1). Those provisions reflect a congressional judgment that § 245 is an exceptional remedy. A reading that federalizes every assault occurring on federal property is difficult to reconcile with either provision.

Finally, any ambiguity in a criminal statute is resolved in the defendants' favor. Where a criminal statute's general terms "incorporate … law by reference" and do not "delineate the range of forbidden conduct with particularity," the rule of lenity and the fair-warning principle require that ambiguity be resolved against the broader construction. *Lanier*, 520 U.S. at 265–66. If § 245(b)(1)(B) is

ambiguous as to whether mere presence on federal property qualifies as participation in a federal activity, that ambiguity resolves against the Government.

The defendants recognize that this argument depends on an inference about a theory the Indictment does not state. That is the point. If the Government's theory is something else, the grand jury should have said so; and if it is this, the count fails as a matter of statutory interpretation. Either way, Count One cannot stand as written.

## V. Independently, the Record Does Not Reflect the Attorney General Certification § 245(a)(1) Requires

Independently of the pleading defects, § 245 imposes a precondition to prosecution that the record does not reflect. Section 245(a)(1) provides that "[n]o prosecution of any offense described in this section shall be undertaken by the United States except upon the certification in writing of the Attorney General, the Deputy Attorney General, the Associate Attorney General, or any Assistant Attorney General specially designated by the Attorney General that in his judgment a prosecution by the United States is in the public interest and necessary to secure substantial justice, which function of certification may not be delegated." 18 U.S.C. § 245(a)(1). The mandatory "except upon" phrasing makes the certification a condition precedent to any § 245 prosecution, and the non-delegation clause confirms that Congress meant the requirement to be observed. *Id.* The Eighth Circuit treats a conforming certification under a materially identical certification statute as jurisdictional: such "certification is necessary to confer federal

jurisdiction," so its absence deprives the court of jurisdiction and "is properly addressed, even on appeal, *sua sponte*." *United States v. Juvenile Male*, 923 F.2d 614, 617 (8th Cir. 1991).

Courts in this District enforce that precondition. In *United States v. Hari*, the court addressed the materially identical certification requirement of 18 U.S.C. § 247(e), which uses the same "public interest and necessary to secure substantial justice" language. No. 18-cr-00150 (01) (DWF/HB), 2019 WL 7838282, at *7 (D. Minn. Sept. 17, 2019). Although the certifying official's substantive judgment "is not subject to substantive judicial review," *Id.* the court recognized that, under *Juvenile Male*, limited review remains available: "if the government fails to provide a certification that conforms to the statutory language or fails to provide a certification at all, a court could determine it lacked jurisdiction over the prosecution." *Id.* at *8 (citing *United States v. Juvenile Male*, 923 F.2d 614, 617 (8th Cir. 1991)). The certification in *Hari* survived only because it existed and recited the statutory language on its face. *Id.* at *7.

Count One charges an offense under § 245(b)(1)(B). (Indictment at 1.) The charging document was returned as a true bill and filed on April 28, 2026. (*Id.* at 3.) Because a conforming certification need not appear within the four corners of the indictment, the defendants raise the requirement now as a defect in the institution of the prosecution under Federal Rule of Criminal Procedure 12(b)(3), and request that the Court direct the Government to place any certification in the

record. *See United States v. Bowers*, 495 F. Supp. 3d 362, 375–76 (W.D. Pa. 2020) (treating the § 247(e)/§ 249(b) certification as a pre-prosecution prerequisite submitted to the court, not an element pleaded in the indictment).

The request is not academic. The Department of Justice's own guidance confirms that requests for certification under § 245(b)(1), "insofar as it relates to matters not involving discrimination or intimidation on grounds of race, color, religion, or national origin," are assigned to the Criminal Division, and that the certification function may not be delegated. Justice Manual § 9-2.000. Count One alleges no discrimination on any of those grounds, so this prosecution falls squarely within that category.

If no conforming certification was obtained before this prosecution began, the prosecution was undertaken without the authorization § 245(a)(1) makes mandatory, and Count One must be dismissed on that independent ground. 18 U.S.C. § 245(a)(1). Even if a valid certification exists, raising the requirement obliges the Government to place a conforming certification in the record and preserves the objection for review. Either way, the certification requirement is one this Court may confirm, and its absence would defeat the prosecution's authority to proceed on Count One. *Hari*, 2019 WL 7838282, at *8.

## CONCLUSION

For the foregoing reasons, defendants Christopher Josiah Ostroushko and Paige Marie Ostroushko respectfully request that the Court dismiss Count One of the Indictment under Federal Rule of Criminal Procedure 12(b)(3)(B)(v). Because the deficiency lies in what the grand jury charged rather than in what the Government may later intend to prove, the count cannot be saved by a bill of particulars, and dismissal — without prejudice — is the appropriate remedy.

Respectfully submitted,

September 27, 2026

/s/ Thomas H Shiah
Thomas H Shiah (#100365)
LAW OFFICES OF THOMAS H. SHIAH, LTD.
331 Second Avenue South
Suite 705
Minneapolis, MN 55401
612-338-0066
Fax: 612-341-0116
Email: ths@tomshiah.com
**ATTORNEY FOR DEFENDANT CHRISTOPHER OSTROUSHKO**

/s/ *Amy S. Conners*
Amy Slusser Conners (#387375)
BEST & FLANAGAN
60 South 6th Street
Suite 2700
Minneapolis, MN 55402
612-339-7121
Email: aconners@bestlaw.com
**ATTORNEY FOR DEFENDANT PAIGE OSTROUSHKO**