UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CR. NO. 26-86 (NEB/JFD)

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTOPHER JOSIAH OSTROUSHKO (1),

PAIGE MARIE OSTROUSHKO (2),

Defendants.

**MOTION TO DISMISS COUNT 1 AS UNCONSTITUTIONAL**

Dismissal is the proper remedy for an indictment that so utterly fails to inform the defendants what they are accused of doing, as the Ostroushkos argue separately. Crucially, though, dismissal may also be appropriate because the accusation in Count 1, charging a violation of 18 U.S.C. § 245(b)(1)(B), is beyond congressional power to punish, because it is not immediately clear what constitutional basis supports the charge. Without having any understanding of the basis for the government's accusation in Count 1, it is unclear that the government has the constitutional authority to punish the conduct charged. The Ostroushkos therefore move to dismiss Count 1 as being without constitutional authorization.

There is serious reason to think jurisdiction may be lacking for Count 1. Various parts of § 245 have been analyzed under the Thirteenth and Fourteenth Amendments, the Commerce Clause, and the Elections Clause. The Elections Clause has been found to

support § 245(b)(1)(A), protecting the right to vote. *See United States v. Peña*, 768 F.Supp.3d 1335, 1348–49 (D.N.M. 2025.). That clearly doesn't apply here.

The Second Circuit has determined that the Thirteenth Amendment supports charges under § 245(b)(2)(B), which punishes the use or threat of force motivated by "race, color, religion, or national origin[.]" *See United States v. Nelson*, 277 F.3d 164, 175 (2d Cir. 2002). Congress has the power under the Thirteenth Amendment to pass legislation to abolish the "badges and incidents of slavery," and in so doing may reach private actors. *See* 277 F.3d at 175–76 (citing *Civil Rights Cases*, 109 U.S. 3, 20 (1883)).

Unlike the Thirteenth Amendment, the Fourteenth Amendment does not apply to private actors. "It is State action of a particular character that is prohibited. Individual invasion of individual rights is not the subject-matter of the amendment." *Civil Rights Cases*, 109 U.S. at 11. In *United States v. Morrison*, the Court reaffirmed this "time-honored principle that the Fourteenth Amendment, by its very terms, prohibits only state action," 529 U.S. 598, 621 (2000), and invalidated a federal remedy precisely because it was "directed not at any State or state actor, but at individuals who have committed criminal acts motivated by gender bias." *Id.* at 626. The narrow exception confirms the rule: a nonofficial defendant may be prosecuted for depriving another of Fourteenth Amendment rights only where his conduct is fairly attributable to the State, as when he acts "under color" of law as "a willful participant in joint activity with the State or its agents." *United States v. Price*, 383 U.S. 787, 794 (1966). With no allegations or proof of joint action with state officials, the Fourteenth Amendment cannot serve as the basis for Count 1.

There is also no clear justification under the Commerce Clause, which allows Congress to regulate the channels of interstate commerce, the instrumentalities of interstate commerce, and activities that substantially affect interstate commerce. *See Gonzales v. Raich,* 545 U.S. 1, 16-17 (2005). But, as the Eighth Circuit has cautioned, "[t]he task of the federal courts is to reject government contentions that would 'convert congressional authority under the Commerce Clause to a general police power of the sort retained by the States.'" *United States v. Arif*, 154 F.4th 592, 596 (8th Cir. 2025) (quoting *United States v. Lopez*, 514 U.S. 549, 561 n.3 (1995)). To claim the authorization of the Commerce Clause, the government must be able to show an "actual"—rather than potential—effect on commerce. *See id*. at 594 (citing *United States v. Koech*, 992 F.3d 686, 692 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 371 (2021)). In *Arif*, the government argued unsuccessfully that any use of an automobile on the public highways and the transfer of a $20 bill could establish this effect on interstate commerce as part of a charged commercial sex-trafficking offense. *See id*. at 598. The Eighth Circuit disagreed, affirming the district court's grant of judgment of acquittal. *See id*. at 594–95.

Here, we know simply that the Ostroushkos are charged with using "force or threat of force [to] willfully injure, intimidate, and interfere with, and attempt to injure, intimidate, and interfere with the rights of another, because she was and had been participating in or enjoying a benefit, service, privilege, program, facility, and activity provided or administered by the United States, which did result in bodily injury[.]" (Indictment, ECF Doc. 1 at 1.) There is no clear connection to any commercial activity, and so the Ostroushkos argue that the Commerce Clause cannot justify the charge in Count 1.

## CONCLUSION

For these reasons, the Ostroushkos move the Court for an order dismissing Count 1 because § 245(b)(1)(B) is not based in a proper grant of constitutional authority, both facially and as-applied. In accord with L.R. 12.1, counsel for Christopher Ostroushko conferred by telephone with Special Assistant U.S. Attorney Nicholas Grey before filing this motion.

Respectfully submitted,

S/ Thomas H. Shiah
Thomas H. Shiah #100365
331 Second Ave South, Ste 705
Minneapolis, MN 55401
(612) 338-0066

Attorney for Defendant
Christopher Ostroushko

/s/ Amy Slusser Conners
Amy Slusser Conners (#387375)
BEST & FLANAGAN
60 South 6th Street
Suite 2700
Minneapolis, MN 55402
612-339-7121
Email: aconners@bestlaw.com

Attorney for Defendant
Paige Ostroushko