UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CR. NO. 26-86 (NEB/JFD)

UNITED STATES OF AMERICA,

Plaintiff,

v.

CHRISTOPHER JOSIAH OSTROUSHKO (1),

PAIGE MARIE OSTROUSHKO (2),

Defendants.

**MOTION FOR BILL OF PARTICULARS**

Defendants Christopher and Paige Ostroushko move this Court under Rule 7(f) for an order dismissing Count 1 for an order requiring the government to file a bill of particulars related to Count 1, charging a violation of 18 U.S.C. § 245(b)(1)(B). Count 1 alleges that the Ostroushkos used force or threat of force to injure, intimidate, and interfere with "the rights of another," because "she was and had been participating in or enjoying a benefit, service, privilege, program, facility, and activity provided or administered by the United States," resulting in bodily injury. Count 1 fails to identify the person allegedly harmed or the federal benefit or activity "she" was participating in or enjoying. The Ostroushkos therefore move for an order directing the government to file, within 14 days, a bill of particulars identifying:

1. For each defendant, which specific act or acts constituted a use or threat of force;
2. Each specific "benefit, service, privilege, program, facility, [or] activity" that

the government contends that "she was and had been participating in or enjoying" within the meaning of 18 U.S.C. § 245(b)(1)(B);

3. For each benefit, service, privilege, program, facility, or activity identified, the department, agency, or other entity of the United States that the government contends "provided or administered" it; and
4. The defendant or defendants whose conduct allegedly caused the bodily injury.

**ARGUMENT**

The government has charged Christopher and Paige Ostroushko with violating 18 U.S.C. § 245(b)(1)(B), which punishes one who by force or threat of force willfully injures, intimidates, or interferes with "any person because he is or has been . . . participating in or enjoying any benefit, service, privilege, program, facility, or activity provided or administered by the United States." Because the indictment alleges that bodily injury resulted from this violation, the maximum penalty rises from one year to ten. 18 U.S.C. § 245(b).

But Count 1 alleges the elements of this offense only in the abstract. It alleges that "she" was participating in or enjoying "a benefit, service, privilege, program, facility, and activity provided or administered by the United States" without saying who "she" was or specifying which "benefit," etc., "she" was participating in or enjoying. The Indictment simply regurgitates the statute's text with the word "the rights of another" in place of "any person."

That matters. The Ostroushkos have a right to know what they're accused of doing, so that they can properly defend themselves. As argued in other motions the Ostroushkos have filed, the failure to identify the very facts that define the offense require that Count 1 should be dismissed and the grand jury materials should be produced so that the Court may determine whether the indictment was the product of misconduct. Dismissal is a more appropriate remedy, given the utter failure of the indictment to identify the most salient facts of the accusation. But, if the Court should determine that Count 1 need not be dismissed, at a bare minimum the government should be required to provide the Ostroushkos with the particulars of the offense charged.

Under Rule 7(c)(1), an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Where the government has failed to meet these requirements, Rule 7(f) provides that "[t]he court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f).

This Court has broad discretion in deciding the motion. *United States v. Sileven*, 985 F.2d 962, 966 (8th Cir. 1993). A bill of particulars is not a discovery device and may not be used to obtain "detailed disclosure of the government's evidence at trial." *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993). Rather, a bill of particulars "serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same

offense when the indictment is too vague and indefinite." *United States v. Hernandez*, 299 F.3d 984, 989–90 (8th Cir. 2002).

"Sometimes an indictment is sufficient if it merely repeats the language of the criminal statute, but sometimes that will not suffice." *United States v. Ivers*, 25-CR-347 (KES/VLD), 2025 WL 3251421 at *2 (D. Minn. 2025) (citing *Hamling v. United States*, 418 U.S. 87, 117–19 (1974)). "Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Hamling*, 418 U.S. at 117–18 (quoting *United States v. Hess*, 124 U.S. 483, 487 (1888)).

Here, Count 1 fails to provide proper notice of how the Ostroushkos have allegedly violated § 245(b)(1)(B). Although the Eighth Circuit has no model instruction for § 245(b)(1)(B), at a minimum the elements of the offense require the government to prove that the Ostroushkos:

1. Used "force or threat of force";
2. Acted to "[I]njure[], intimidate[], or interfere[] with" a person;
3. Acted or attempted to act "willfully," that is, the defendants used force or the threat of force to injure, intimidate, or interfere with a person ***because*** that person "is or has been, or in order to intimidate such person or any other person or any class of persons from . . . participating in or enjoying [specific benefit, service,

> privilege, program, facility, or activity provided or administered by the United States]."

*See* 18 U.S.C. § 245(b)(1)(B); *see also United States v. Sandstrom*, 594 F.3d 634, 654 (8th Cir. 2010) (discussing the elements of the parallel § 245(b)(2)(B) offense); 8th Cir. Model Rule 6.18.242 (discussing "willfully" in § 242 offenses).

The failures of Count 1 are readily apparent. It doesn't even specify the "she" who was supposedly the target of the offense. The identity of that person is clear through discovery materials, but the failure to even identify the target is indicative of the shortcuts the government has taken in the allegations of Count 1.

Far more problematic, Count 1 fails to clarify what "benefit, service, privilege, program, facility, and activity provided or administered by the United States" "she" "was and had been participating in and enjoying." This is significant because the mens rea of "willfully," as discussed in the Eighth Circuit's model instruction for § 242 offenses and in the discussion of parallel § 245(b)(2)(B) elements in *Sandstrom*, requires that the benefit (etc.) be the reason for the use of force and the injury, intimidation, or interference. *See Sandstrom*, 594 F.3d at 654 (citing *Nelson*, 277 F.3d at 185–86).

The insufficiency of Count 1 of the indictment here (ECF Doc. 1 at 1) is clear under *Russell v. United States*, 369 U.S. 749 (1962). The defendants in *Russell* were charged under 2 U.S.C. § 192 with refusing to answer questions that "were pertinent to the question then under inquiry" by a congressional committee, and each moved to quash

their indictment because it failed to specify the question that was "under inquiry" as to each defendant. *See id*. at 752–53. The Court held that this failure was fatal to the indictment. *See id*. at 771–72.

In a prior case, the Court had determined that this question about pertinence was the crucial difference between criminal and non-criminal conduct under the statute. *See id*. at 755–56 (discussing *Sinclair v. United States*, 279 U.S. 263 (1929)). Because a congressional witness had an absolute right to refuse to answer non-pertinent questions and was presumed innocent, it was "incumbent upon the United States to plead and show that the question (he refused to answer) pertained to some matter under investigation." *Id*. (quoting *Sinclair*, 279 U.S. at 296–97).) This question of pertinence was a matter of law that must be determined by the court. *See id*. (citing *Sinclair*, 279 U.S. at 298).) But in *Sinclair*, the court had been provided an indictment "an indictment which set out in specific and lengthy detail the subject under investigation by the Senate Committee[.]" That was not the case in *Russell*, as it is not the case here.

"Where guilt depends so crucially upon such a specific identification of fact, our cases have uniformly held that an indictment must do more than simply repeat the language of the criminal statute." *Id*. at 764. "Undoubtedly, the language of the statute may be used in the general description of an offense, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged." *Id.* at 765 (quoting *Hess*, 124

U.S. at 487).

Here, Count 1 makes its allegations by simply quoting the statute without any statement of facts or circumstances that would inform the Ostroushkos of the specific offense with which they are charged, apprise them of what they must prove at trial, or provide a barrier to double jeopardy. The federal government is not a general criminal court, *see*, *e.g.*, *United States v. Lopez*, 514 U.S. 549, 561 n.3 (1995), and so the crux of jurisdiction in this matter is the element requiring proof that the alleged offensive conduct was directed toward someone because of some improper purpose. At the very core of criminality under § 245(b)(1)(B) must be conduct motivated by the victim's participation in or enjoyment of some "benefit, service, privilege, program, facility, or activity provided or administered by the United States." "What the [benefit, service, etc.] actually was, therefore, "is central to every prosecution under the statute." *Russell*, 369 U.S. at 764. The Ostroushkos have a right to know what they are expected to defend themselves against.

## CONCLUSION

Dismissal is the appropriate remedy under *Russell*, but in the alternative, the Ostroushkos respectfully ask the Court for an order requiring the government to provide the defendants with a bill of particulars specifically identifying:

1. For each defendant, which specific act or acts constituted a use or threat of force;
2. Each specific "benefit, service, privilege, program, facility, [or] activity" that the government contends that "she was and had been participating in or enjoying" within the meaning of 18 U.S.C. § 245(b)(1)(B);
3. For each benefit, service, privilege, program, facility, or activity identified, the department, agency, or other entity of the United States that the government contends "provided or administered" it; and
4. The defendant or defendants whose conduct allegedly caused the bodily injury.

In accord with L.R. 12.1, counsel for Christopher Ostroushko conferred by telephone with Special Assistant U.S. Attorney Nicholas Grey before filing this motion.

Respectfully Submitted,

S/ Thomas H. Shiah
Thomas H. Shiah #100365
331 Second Ave South, Ste 705
Minneapolis, MN 55401
(612) 338-0066

Attorney for Defendant
Christopher Ostroushko

/s/ Amy Slusser Conners
Amy Slusser Conners (#387375)
BEST & FLANAGAN
60 South 6th Street
Suite 2700
Minneapolis, MN 55402
612-339-7121
Email: aconners@bestlaw.com

Attorney for Defendant
Paige Ostroushko