UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-86 (NEB/JFD)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>(1) CHRISTOPHER JOSIAH OSTROUSHKO,<br>(2) PAIGE MARIE OSTROUSHKO,<br>(3) DEYANNA MARIE OSTROUSHKO,<br><br>Defendants. | UNITED STATES' RESPONSE TO MOTION TO DISMISS COUNT ONE OF THE INDICTMENT |

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Nicholas Grey, Special Assistant United States Attorneys, submits the following response in opposition to the motion by defendants Christopher Ostroushko and Paige Ostroushko to dismiss Count One. ECF Doc. 50.

## OVERVIEW

In ECF Doc. 50 the Defendants Christopher Ostroushko and Paige Ostroushko offer three arguments to dismiss Count One of the Indictment: (1) Count One of the indictment omits an essential element, (2) 18 U.S.C. § 245 does not support a "mere presence" theory, and (3) the record does not reflect Attorney General Certification. The United States responds: (1) each element is present and any residual uncertainty can be addressed with a bill of

particulars, (2) the United States does not rely upon a "mere presence" theory, and (3) the certification of the Acting Attorney General has been filed as ECF Document 57.

Defendants have separately filed a Motion to Dismiss Count 1 as Unconstitutional. ECF Doc. 52. The United States will provide its response to that motion in a separate response.

## BACKGROUND

The indictment was filed on April 28, 2026. Count One charges Christopher Ostroushko and Paige Ostroushko with interference with federally protected activity on or about April 11, 2026, in the State and District of Minnesota. Its charging paragraph alleges that defendants:

> …did by force or threat of force willfully injure, intimidate, and interfere with, and attempt to injure, intimidate, and interfere with the rights of another, because she was and had been participating in or enjoying a benefit, service, privilege, program, facility, and activity provided or administered by the United States, which did result in bodily injury, all in violation of Title 18 United States Code, Section 245(b)(1)(B).

Indictment 1. Count One does not identify the victim by name, name a particular facility, describe an individual blow, or specify the type of bodily injury.

Counts Two through Four separately charge assaults under 18 U.S.C. §§ 113(a)(5) and 2. Those counts allege conduct within the exterior boundaries of federal property owned by the General Services Administration and the

Department of Veterans Affairs. Count Two charges Christopher, Count Three charges Paige, and Count Four charges Deyanna. Indictment 1–2. Their existence provides procedural context.

## LEGAL STANDARD

Rule 7(c)(1) requires a plain, concise, and definite written statement of the essential facts constituting the charged offense. The indictment must contain the elements, fairly inform the defendant of the accusation, and permit a conviction or acquittal to be pleaded against another prosecution for the same offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974). The Eighth Circuit applies the same requirements. *United States v. Opdahl*, 170 F.4th 1149, 1152 (8th Cir. 2026).

Statutory language ordinarily provides an adequate charging formulation when it fully expresses the necessary elements. *Hamling*, 418 U.S. at 117. That principle has an important qualification: some offenses require identifying facts beyond the statutory formulation because the legal sufficiency of the accusation depends on those facts. *United States v. Resendiz-Ponce*, 549 U.S. 102, 109 (2007). Courts therefore examine the offense and the indictment together. Neither a universal rule requiring exhaustive factual detail nor a universal rule validating statutory recitations accurately states the law.

Recent Eighth Circuit decisions preserve that distinction. *United States v. Prelogar* emphasized that the question is not whether an indictment could

have been made more definite, but whether it states the elements and sufficiently apprises the defendant of the charge. 996 F.3d 526, 531 (8th Cir. 2021). *United States v. Opdahl* applied that principle to a timely challenge to firearm counts and held that allegations of knowing possession sufficiently conveyed the required knowledge of the weapons' prohibited characteristics. 170 F.4th 1149, 1153 (8th Cir. 2025). The court examined what the charging words communicated; it did not demand a separate sentence explaining every component and their legal significance.

Conversely, a bare statutory citation cannot supply an element missing from the charging allegations. *United States v. Zangger*, 848 F.2d 923, 925 (8th Cir. 1988). Nor may the Government cure such an omission through a bill of particulars or correct trial instructions. *United States v. Camp*, 541 F.2d 737, 740 (8th Cir. 1976). The Government accepts those rules. Its position is that the necessary allegations appear in Count One's text, not merely in its citation to § 245.

Rule 12 allows the Court to decide a defense or objection that can be determined without a trial on the merits, including a timely contention that an indictment fails to state an offense. Fed. R. Crim. P. 12(b)(1), (b)(3)(B)(v). Whether the alleged conduct is legally capable of violating the statute is therefore a proper pretrial question. In answering it, the Court accepts the indictment's allegations as true and asks whether they can form the basis of

the charged offense. *United States v. Hansmeier*, 988 F.3d 428, 436 (8th Cir. 2021). It does not decide whether the Government will persuade a jury that those allegations are true.

That limitation applies to both parties. In reviewing facial sufficiency, the Court does not use allegations outside the charging document to establish facts the indictment does not state. *United States v. Welker*, 75 F.4th 820, 821 (8th Cir. 2023). The Government therefore cannot establish pleading sufficiency by proving that an assault occurred. Defendants likewise cannot establish pleading insufficiency by replacing the allegation of purposeful interference with their proposed account of an unrelated encounter on federal property. The legal challenge must be resolved on the accusation returned by the grand jury.

Finally, defendants raised their objections before trial. The Government does not invoke a more forgiving post-jeopardy construction to excuse an omitted element. *United States v. Graham*, 572 F.3d 954, 956 (8th Cir. 2009), illustrates the significance of that distinction. Count One should be sustained under the ordinary pretrial standards stated in *Hamling*, *Resendiz-Ponce*, *Prelogar*, and *Opdahl*. Those standards require complete charging allegations, not a preview of every fact the Government intends to prove.

## ARGUMENT

## I. COUNT ONE EXPRESSLY ALLEGES EVERY STATUTORY ELEMENT OF § 245(b)(1)(B).

### A. The statutory text identifies the required conduct and federal relationship.

Section 245(b) addresses a person who, by force or threat of force, willfully injures, intimidates, or interferes with another, or attempts to do so, in the circumstances specified by the following paragraphs. The portion of paragraph (1) invoked in Count One applies when that conduct occurs because the other person is or has been engaged in the designated activity. Subparagraph (B) identifies participation in or enjoyment of a benefit, service, privilege, program, facility, or activity provided or administered by the United States. 18 U.S.C. § 245(b)(1)(B). The concluding penalty provision increases the authorized punishment when bodily injury results from acts committed in violation of the section. § 245(b).

Paragraph (1) of § 245(b) must also be kept separate from paragraph (2). An offense under paragraph (2) has an added discriminatory-ground requirement and addresses, among other things, facilities provided or administered by a State or subdivision. Paragraph (1)(B) addresses federal participation without that additional discriminatory-ground language. 18 U.S.C. § 245(b)(1)(B), (b)(2)(B). Thus, the absence of a racial-discrimination allegation is not the omission of an element of the offense actually charged.

**B. Count One affirmatively alleges the essential § 245 elements.**

The force requirement appears expressly: defendants acted "by force or threat of force." The prohibited interference appears expressly: they injured, intimidated, and interfered, and attempted to do so. The culpable state of mind appears expressly: they acted "willfully." Indictment 1. These are assertions about defendants' conduct and intent, not an invitation to infer those matters from the mere citation of a criminal statute.

The protected participation also appears expressly. Count One alleges that the victim "was and had been participating in or enjoying" the federal benefit, service, privilege, program, facility, and activity. It expressly alleges the federal qualification: those things were "provided or administered by the United States." *Id.* The Government therefore does not ask the Court to infer federal provision from the location of the separate assault counts. The necessary federal relationship is stated within Count One itself.

The causal connection is equally explicit. Count One says defendants acted "because" of that participation or enjoyment. *Id.* It does not merely place two events next to one another. It distinguishes purposeful interference with federal participation from an assault that only incidentally occurred on federal property, consistent with *United States v. Price*, 464 F.2d 1217, 1218 (8th Cir. 1972).

The aggravating result appears as well: the charged conduct "did result in bodily injury." Indictment 1. Defendants are not asked to infer the felony allegation from the maximum punishment, the heading, or an injury appearing only in a report. The result is part of the grand jury's accusation. Whether particular injuries occurred and whether they resulted from the statutory violation are matters the Government must establish at trial, not omitted allegations.

The count also identifies Christopher and Paige, the approximate date of April 11, 2026, and the State and District of Minnesota. Indictment 1. It does not charge those defendants with an indefinite course of unidentified conduct extending across years. Those temporal and territorial are properly considered in deciding what accusation the indictment conveys. *United States v. Resendiz-Ponce*, 549 U.S. 102, 109, (2007)

**C. The conjunctive formulation and attempt allegation do not create omissions.**

Defendants emphasize that Count One recites the statutory list of benefits, services, privileges, programs, facilities, and activities. Defs.' Mem. 9. The list deserves consideration in assessing particularity, but its conjunctive form is not itself defective. The Eighth Circuit recognizes that statutory alternatives may be charged conjunctively, with proof and instructions

addressing the applicable statutory alternative. *United States v. Klein*, 850 F.2d 404, 406 (8th Cir. 1988).

The Government's reliance on a federal facility therefore does not insert a category omitted by the grand jury. "Facility" appears in Count One. The same is true of participation, federal administration, force, willfulness, and causation. Any trial submission must preserve the required elements and the applicable unanimity requirements, but those later obligations do not convert conjunctive pleading into a failure to charge an offense. *Klein*, 850 F.2d at 406.

Nor does the count's inclusion of attempted interference require a recital of every act that could constitute an attempt. *Resendiz-Ponce* held that charging an attempt may convey its required intent and substantial-step components without separately identifying the particular overt act. 549 U.S. at 107. That holding does not decide every question of specificity presented here, but it forecloses the premise that the absence of a blow-by-blow account necessarily leaves attempted conduct uncharged.

**D. The missing-element cases involve omissions that are not present here**.

Defendants cite a number of cases in which courts have found indictments to lack critical elements. Those cases are materially distinguishable from the case at hand. The bulk of the cases involve a complete omission of an essential element and not merely a generically pled element.

The courts have found that a citation to a statute is not a substitution for a quotation from a statute. Here, however, the indictment includes the necessary and relevant statutory language.

In *United States v. Camp*, the assault on federal officer charge failed to allege force, or words of similar import. 541 F.2d 737, 740 (8th Cir. 1976). In *United States v. Olson*, the bank-robbery count omitted force or intimidation, and neither its heading nor its statutory citation supplied that missing requirement. 262 F.3d 795, 799 (8th Cir. 2001). The failure in *Camp* and *Olson* was not merely that the manner of force was unspecified, but that force was not alleged at all. Count One here, by contrast, expressly alleges "force or threat of force."

In *United States v. Zangger*, an allegation that a videotape depicted masturbation did not allege that the material was obscene, the characteristic that made its mailing criminal under the charged statute. 848 F.2d 923, 925 (8th Cir. 1988). Here, Count One does not merely allege a location or an encounter and leave the Court to supply its federal legal significance. It alleges participation in something provided or administered by the United States and interference because of that participation. The statutory qualification is explicitly stated and does not require inference from a description that might or might not satisfy it.

In *United States v. Graham*, the indictment omitted Indian status, an essential requirement of the Indian Major Crimes Act charge. 572 F.3d 954, 956 (8th Cir. 2009), as corrected (Oct. 23, 2009). Here, the corresponding federal-relationship allegation is explicit. The Government does not argue that the Court's general criminal jurisdiction excuses failure to plead a substantive federal nexus. Count One explicitly includes that nexus. *Graham* requires attention to that distinction, not abandonment of it.

In *United States v. Denmon*, the indictment omitted the criminal intent (i.e. "defendant acted knowingly, unlawfully, and wilfully") required for the charged § 641 offense. 483 F.2d 1093, 1095 (8th Cir. 1973). Notice of the general accusation and accurate trial instructions could not establish that the grand jury charged the missing intent. *Id.* at 1097. Count One, by contrast, alleges willful conduct and expressly links it to the victim's protected participation. The same distinction answers defendants' reliance on *United States v. Pupo*, 841 F.2d 1235, 1239 (4th Cir. 1988) (en banc), where the challenged counts omitted knowing or intentional conduct.

*United States v. Carll*, 105 U.S. 611, 613 (1881), likewise involved an omitted requirement: knowledge that the instrument was counterfeit. Tracking statutory words did not supply that missing allegation. Here, the Government does not claim that statutory phrasing excuses omission of

culpability. Count One expressly alleges willfulness and identifies the protected participation as the reason for defendants' conduct.

### E. *Russell* and the particularity cases do not make the facility's proper name an additional element.

Defendants do point to a handful of cases where courts have required particular articulation of facts beyond the mere statutory language of the charged offense. These cases are also distinguishable.

The earliest of these cases contains the quotable language "it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition, but it must state the species,—it must descend to particulars." *United States v. Cruikshank*, 92 U.S. 542, 544 (1875). The Supreme Court's later decisions point out the subsequent modernization of pleading and the 1944 promulgation of Federal Rule of Criminal Procedure 7(c)(1). "While detailed allegations might well have been required under common-law pleading rules they surely are not contemplated by Rule 7(c)(1), which provides that an indictment 'shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.' *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (internal citations omitted). The 1875 *Cruikshank* decision nowhere addresses a bill of particulars, a common mechanism under Rule 7(e) to inform defendants of essential facts related to their charges. The indictment at issue in *Cruikshank* related to the

victims' "free exercise and enjoyment of every, each, all, and singular the several rights and privileges granted and secured to them by the constitution and laws of the United States." 92 U.S. at 557. "The language is broad enough to cover all." *Id.* Without resource to a bill of particulars, it is not surprising the Court should find the indictment too vague and general.

Defendants principally rely on *Russell v. United States*, 369 U.S. 749 (1962). *Russell* addresses alleged violations of 2 U.S.C. § 192, failure to produce evidence or testimony before Congress. One element of the offense is that refusal must relate to a matter under inquiry before Congress. *Id.* at 755. The Court noted the historic right of witness to rightfully refuse to answer where the questions were not pertinent to the matter under inquiry. *Id.* The Court further noted a history of cases charged under 2 U.S.C. § 192 where it was difficult, if not "actually impossible to determine what the topic under subcommittee inquiry had been…" *Id.* at 759.

The Court's concern was particularly acute because the prosecutor could later select a subject that made the disputed question pertinent even though the committee and grand jury might have proceeded on a different understanding. *Id.* at 768. A bill of particulars could not supply that missing foundation. *Id.* at 770.

Count One differs because it expressly identifies the protected federal relationship and expressly alleges why defendants interfered. The prohibited

object is interference with participation in or enjoyment of something provided or administered by the United States under § 245(b)(1)(B). Unlike the unbounded subject of a congressional inquiry, the source and character of that protection are specified by the charge and the statute. The facility's proper name does not alter the rule of liability: willful forcible interference because of qualifying federal participation remains the same offense.

Defendants argue that the Court cannot determine whether the supposed facility qualifies without knowing what it is. Defs.' Mem. 11. That argument identifies a factual and potentially legal question about the Government's proof, but it does not negate the affirmative allegation that the facility or activity was provided or administered by the United States. The Court can accept that allegation in deciding whether Count One states an offense while preserving defendants' right to contest the classification of the particular facility when that issue is properly presented. *See United States v. Hansmeier*, 988 F.3d 428, 436 (8th Cir. 2020). Accepting an alleged statutory relationship is not the same as inventing one.

The distinction has limits. An indictment cannot use an empty label to avoid alleging the facts indispensable to a particular statutory offense. *Russell* establishes that much. But it does not require the Government to plead every transaction, location, instrument, or evidentiary fact associated with an expressly charged relationship. *Resendiz-Ponce* retained *Russell* while

rejecting an additional overt-act pleading requirement. 549 U.S. at 109. The Court should likewise ask whether Count One conveys the offense, not whether its factual description could usefully be expanded.

Here, the count states what makes the alleged interference federal: the victim's participation in a federally provided or administered subject and defendants' action because of it. It does not leave the prosecutor free to replace that relationship with interference in an unrelated private activity. The Government must prove the charged federal relationship, whatever additional particulars identify its evidence. That fixed requirement distinguishes this accusation from a charge whose omitted subject leaves the very legal basis of guilt undetermined.

The remaining cases are likewise distinguishable. *United States v. Hillie*, 227 F. Supp. 3d 57, 79 (D.D.C. 2017) involves an indictment with multiple charges that were virtually indistinguishable from one another. *Hillie* holds that generalized pleading might well be permissible when the charged conduct is *otherwise* clear on the indictment's face and/or where there is only one act or count at issue, but "if prosecutors seek multiple charges against a defendant, they *must* link those multiple charges to multiple identifiable offenses[,]" *Id.* at 79, quoting *Valentine v. Konteh*, 395 F.3d 626 (6th Cir. 2005) (italics original). In this case the United States brings a single § 245

charge and there is no concern that a single course of conduct will yield convictions on multiple § 245 counts.

*United States v. Lanier* explained that 18 U.S.C. §§ 241 and 242 incorporate constitutional rights through general references to rights secured by the Constitution and laws. 520 U.S. 259, 265 (1997). The Supreme Court wrestled with the issue of fair warning about the scope of criminal liability for violating constitutional rights when the scope of constitutional rights is itself a subject of ongoing discovery and litigation. The issue in *Lanier* was not so much the sufficiency of the indictment, but whether 18 U.S.C. § 242 gave adequate notice of prohibited conduct. The Sixth Circuit decision on appeal had "set aside Lanier's convictions for lack of any notice to the public that this ambiguous criminal statute [i.e., § 242] includes simple or sexual assault crimes within its coverage." *Id.* at 263 (citation and quotation marks omitted).

Defendants' argument about the constitutional validity of 18 U.S.C. § 245 is addressed in a separate filing. Suffice it to say for this response, § 245(b)(1)(B) does not purport to prohibit infringement of the entire constellation of constitutional rights, but instead specifies a limited range of federal-nexus activities. The Government's theory does not require selecting an unpleaded constitutional right from outside that statutory category. It requires proving participation in a qualifying federal facility or other subject within the charged provision.

*United States v. Thomas* involved a burglary indictment alleging intent to commit an unspecified criminal offense after entry. 444 F.2d 919, 921 (D.C. Cir. 1971). The intended offense could have been any of several materially different crimes, each with its own elements. The court required the indictment to identify that ulterior offense, while recognizing that it need not plead it with the same fullness as a separately charged crime. *Id.* at 923.

Count One does not incorporate an unidentified second crime as the object of defendants' intent. It identifies the object of interference as the other person's federal participation under § 245(b)(1)(B). The Government is not free to substitute intent to obstruct a wholly private transaction, intent to commit some other offense, or general hostility toward the victim for that allegation. The required object remains the same throughout the case. *Thomas* is therefore an analogy defendants may press, but it is not a holding that the proper name of a federal facility must always appear in a § 245 indictment.

## II. COUNT ONE SATISIFIES AN INDICTMENT'S CONSTITUTIONAL FUNCTIONS.

Count One, in conjunction with a bill of particulars, performs the two critical functions of an indictment: it apprises the defendants of what they must be prepared to meet at trial and it enables them to plead former jeopardy.

The preparation and former jeopardy functions may be facilitated by a bill of particulars.

> A bill of particulars serves to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite.

*United States v. Hernandez*, 299 F.3d 984, 989–90 (8th Cir. 2002).

The parties have conferred on the defendants' separate motion for alternative relief in the form of a bill of particulars. ECF Doc. 53. The U.S. offered a series of factual specifications for a proposed bill of particulars. Counsel for Christopher Ostroushko, on behalf of co-counsel, indicated that the Government should formalize the proposed specifications in its response to the motion and that this would moot the motion. The U.S. will formally provide the specifications in its separate response to the motion for a bill of particulars. The United States understands that this does not resolve the defendants' other challenges to Count One.

## III. USE OF FEDERAL PROPERTY IS A PROTECTED ACTIVITY UNDER 18 U.S.C. §245.

Defendants contend a location-based interpretation of § 245(b)(1) would cease to distinguish civil-rights violence from ordinary violence that happens to occur on federal land and would render § 113 superfluous. The argue that 18 U.S.C. §245(b)(1)(B) does not permit prosecution for interference with mere participating in or enjoying a federal facility. ECF No. 50, 22. Defendants

argue that this construction would convert every 18 U.S.C. § 113 offense (assaults committed within the special maritime and territorial jurisdiction of the United States) into a civil rights offense under §245(b)(1)(B).

There is some overlap in the Venn-diagram of § 245 offenses and § 113 offenses, but § 113 is not subsumed into § 245. A location-based interpretation of §245(b)(1) is still distinct from § 113. An assault under § 113 may be motivated by a desire to injure a victim but not accompanied by a desire to drive the victim from federal property. Under § 245(b)(1) the act of interfering with the use of a federal facility is criminalized.

In this particular case, the evidence will show that defendant Paige Ostroushko specifically told the victim she needed to leave, that Christopher and Paige Ostroushko discussed taking the phone which the victim was using to film the events occurring on federal property, that Christopher and Paige discussed blowing a whistle in the victim's ear to make her continued presence unbearable, and ultimately assaulted the victim to drive her away from the piece of federal property which Christopher and Paige intended to use for their own demonstration. The intent to drive the victim away from the particular piece of federal property is what legally distinguishes the § 245 offense from the § 113 offenses.

The rule of lenity does not require an interpretation that restricts § 245(b)(1) from applying to streets. The Court of Appeal for the Second Circuit

considered a similar argument in a prosecution involving § 245(b)(2) where the defendants argued a street was not a facility for purposes of that paragraph. *United States v. Nelson*, 277 F.3d 164, 193 (2d Cir. 2002). The court held the street unambiguously fell within the clear meaning of the text and was a facility for purposes of that paragraph. *Id.*

All arguments made by *Nelson* in the context of § 245(b)(2) apply with equal force to § 245(b)(1). As discussed above, § 245(b)(2) differs from § 245(b)(1) in that the former has a "race, color, religion or national origin" component while the latter has federal nexus component. These distinctions would be irrelevant in assessing whether a street (or sidewalk) constitute a "facility" for purposes of the statute. If § 245(b)(2) can prohibit interference with usage of a state street, then § 245(b)(1) can prohibit interference with usage of a federal street.

**IV. THE INDICTMENT IS PROPERLY CERTIFIED.**

The defendants note that the record at the time of filing did not reflect certification in writing of the Attorney General, the Deputy Attorney General, the Associate Attorney General, or any Assistant Attorney General as required by § 18 U.S.C. 245(a)(1). The U.S. has subsequently filed the certification signed by Todd Blanche on April 27, 2026, the day of the Indictment. ECF Doc 57. Todd Blanche was previously confirmed as Deputy Attorney General and was then serving as acting Attorney General. The timing of the filing of the

certification is not material under the statute. The statute requires certification but does not speak to the timing for filing the certification or whether filing is even required.

## CONCLUSION

The United States requests the Court deny defendants' motion to dismiss Count One. Count One sufficiently pleads all required elements. To the extent additional information is required to prepare for trial or plead acquittal, a bill of particulars is sufficient. The Indictment is appropriately certified.

Dated: October 20, 2026

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/ Nicholas R. Grey*
BY: NICHOLAS R. GREY
Special Assistant U.S. Attorney
Attorney ID No. 283780CA