UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 0:26-cr-00086-NEB-JFD

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER JOSIAH OSTROUSHKO (1),<br>PAIGE MARIE OSTROUSHKO (2), and<br>DEYANNA MARIE OSTROUSHKO (3),<br><br>Defendants. | ) | **UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION FOR DISCLOSURE OF GRAND JURY MATERIALS** |

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Nicholas Grey, Special Assistant United States Attorneys, hereby ask the Court to deny the Defendants' Motion for Disclosure of Grand Jury Materials. ECF No. 54.

## INTRODUCTION

Defendants seek disclosure of grand jury materials under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), asserting that Count One of the indictment is so vague that it suggests the grand jury must have been misinstructed or misled. Defendants' disclosure request, however, rests principally on the premise that Count One fails to state an offense. If the Court concludes—on the pending motion to dismiss (ECF Doc. 50)—that

Count One is legally sufficient, that determination eliminates the principal basis defendants have offered to suspect irregularity.

The Court should deny defendants' motion for disclosure of grand-jury materials and their alternative request for *in camera* review. The motion identifies a dispute about the specificity and legal sufficiency of Count One, but supplies no adequate basis to infer that the grand jury received incorrect instructions. Allegations of misconduct in other proceedings do not supply the missing connection to this grand jury. Nor does the motion connect its asserted instructional concern to its additional requests for federal-agent testimony and every exhibit presented.

The burden under Rule 6(e)(3)(E)(ii) is substantive: defendants must show that a ground for dismissal may exist due to something that occurred before the grand jury. Courts require a particularized, case-specific reason to believe the grand jury received incorrect instructions or was otherwise improperly influenced. Defendants identify none. Their motion instead attempts to convert a pleading dispute into an entitlement to examine the grand jury proceedings.

Because defendants have not shown any objective basis to believe misconduct occurred in this case—let alone that it substantially influenced the decision to indict—the Court should deny their motion, including the request for in camera review.

As a matter of judicial efficiency, the Court may wish to bifurcate the proceedings and first adjudicate the defendants' motion to dismiss (ECF Doc. 50) and only return to the request for grand jury materials if the Court does indeed dismiss Count One as too vague to state an offense. Even then, disclosure of grand jury material may be moot. Dismissal of Count One would radically alter the landscape of the case. Defendants would need to show that grounds may exist to dismiss the remaining indictment (i.e. the 18 U.S.C. § 113 assault charges) in order to obtain grand jury disclosure. The defendants' argument of instructional error on the § 245 charge (which the defense calls a "complex statute" (Def. Mot. 7) would likely not apply on to the simpler § 113 assault charges.

The United States has considered that producing grand jury materials for *in camera* review might expedite proceedings in this case. The U.S. is concerned, however, that doing so might create a soft precedent for regular, automatic submission of grand jury materials for *in camera* review. Should the U.S. choose in future cases to abide by the ordinary secrecy of Rule 6, that shift may invite speculation of impropriety in those later cases, inviting further demands for grand jury disclosures.

Under the ordinary application of Rule 6(e)(2) grand jury proceedings are to be secret. This case is not so extraordinary as to warrant an exception. Broadly speaking, the defendants allege (1) a failure to state an offense and (2)

impropriety in other districts. The first argument is one commonly made by defendants. The second argument can be made in every case in the country. These combined arguments do not justify an exception to Rule 6(e).

## LEGAL STANDARD

Grand jury proceedings are secret by default. Fed. R. Crim. P. 6(e). Rule 6(e)(3)(E)(ii) permits disclosure only when a defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." A defendant must therefore (1) identify a potential dismissal ground, and (2) show it is connected to grand jury proceedings.

The Supreme Court requires a strong showing of particularized need, meaning that disclosure must be necessary to avoid a possible injustice, secrecy must yield to the demonstrated need, and the request must be narrowly tailored. *Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 222–23 (1979); *United States v. Sells Eng'g, Inc.,* 463 U.S. 418, 443 (1983). The Eighth Circuit likewise demands more than speculation or generalized assertions. *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994); *United States v. McDougal*, 559 F.3d 837, 841 (8th Cir. 2009).

## ARGUMENT

### I. The sufficiency of the indictment resolves the disclosure motion.

Defendants' disclosure theory rests entirely on their assertion that Count 1 is impermissibly vague. But that is a Rule 12(b)(3)(B) pleading

question—one the Court will resolve on the pending motion to dismiss. If the Court finds the indictment legally sufficient, defendants' premise necessarily collapses.

Defendants offer no separate, case-specific reason to suspect improper instructions. Their request for disclosure therefore fails for want of any cognizable predicate. *Broyles* squarely holds that a bare allegation that records are necessary does not satisfy the particularized need requirement. 37 F.3d at 1318.

## II. The indictment's brevity does not permit an inference of grand jury impropriety.

An indictment's factual sparseness reveals nothing about the instructions given to the grand jury. Courts routinely uphold indictments tracking statutory language. See *Hamling v. United States*, 418 U.S. 87, 117 (1974). Defendants disregard the general rule, arguing that because Count One does not specify the federal activity involved, the grand jury must not have been instructed on the correct elements.

That inference is legally unsound. The indictment is a record of the grand jury's charge—not its instructions, the evidence it considered, or the questions jurors asked. The remedy for a vague indictment is dismissal or a bill of particulars, not grand jury transcripts. See *United States v. Glenn*, No. 5:14-cr-50115-JLV, 2015 WL 5496120, at *5 (D.S.D. Sept. 17, 2015) ("The transcripts will be of no assistance to Mr. Glenn in a forthcoming motion to

dismiss, because if the indictment is insufficient because it lacks an essential element of the offense, it is immaterial what the grand jury was told as the insufficiency would be evident from the face of the indictment.")

## III. Defendants identify no case-specific evidence suggesting instructional error.

To obtain disclosure, defendants must show a factual basis to believe misconduct may have occurred in this proceeding. *McDougal*, 559 F.3d at 841. They identify no such basis.

They cite no statement, document, witness, or irregularity specific to this grand jury. They identify no intervening change in controlling law, as in *United States v. Twersky*, No. S2 92 Cr. 1082 (SWK), 1994 WL 319367, at *4 (S.D.N.Y. June 29, 1994) (ordering in camera review where a subsequent Supreme Court decision cast doubt on prior instructions). They identify no privileged-material concern, as in *United States v. Comey*, 809 F. Supp. 3d 396, 408–10 (E.D. Va. 2025).

Courts require at least some objective basis to suspect an error occurred. See *United States v. Wahib*, 578 F. Supp. 3d 951, 958–62 (N.D. Ohio 2022). Defendants' reliance on unrelated prosecutions, political context, and allegations from other districts cannot substitute for evidence tied to this case. The presumption of regularity applies, and the defendant has a heavy burden in proving irregularities. See *United States v. McKie*, 831 F.2d 819, 821 (8th Cir. 1987).

The cases defendants cite—*United States v. Samango*, 607 F.2d 877 (9th Cir. 1979); *United States v. Hogan*, 712 F.2d 757 (2d Cir. 1983); *United States v. Filer*, 762 F. Supp. 3d 730 (N.D. Ill. 2025); *Comey*, 809 F. Supp. 3d 396; and allegations arising from *United States v. Rabbitt*, No. 1:25-cr-00693 (N.D. Ill.)—share a common feature: courts had access to actual statements, transcripts, or documented irregularities showing potential improper influence on the grand jury. Here, by contrast, defendants offer no such evidence. Defendants' motion proceeds by inference from other cases. Rule 6(e) does not permit disclosure on the theory that because misconduct has occurred elsewhere, it might have occurred here.

Defendants suggest there has been a sea change in the presumption of regularity. There is no binding precedent in this Circuit to suggest that the doctrine has been abrogated generally. The presumption of regularity is still applicable and must be rebutted. Nor have defendants put forward sufficient direct evidence to rebut the presumption in this particular case.

Defendants rely on *Federal Education Ass'n v. Trump*, 795 F. Supp. 3d 74 (D.D.C. 2025), and its observation that the President may have forfeited the presumption. Mot. 8. In that civil preliminary-injunction decision, the court relied on evidence concerning the challenged executive order itself, including its accompanying White House fact sheet, OPM guidance, and indications of retaliatory and unrelated policy objectives. *Federal Education*

*Ass'n*, 795 F. Supp. 3d at 89. Its broader commentary about presidential regularity did not establish a Rule 6 holding withdrawing the presumption from every federal grand-jury proceeding. *Id.* at 92. The distinction is evidentiary as well as procedural: the court linked the surrounding evidence to the specific challenged action in that case.

The defendants' cited concerns in other cases does not suffice to rebut the presumption in the present case. References to *United States v. Rabbitt*, for instance, do not support misconduct in this case. It should be noted first that defendants cite an application for attorneys' fees, rather than a final court order or judicial finding of fact in *Rabbitt*. Even if all of the allegations in *Rabbitt* were put forth by competent evidence in this case (rather than hearsay in a separate case), defendants have not shown how impropriety in the District of Illinois on a specific case establishes impropriety in the District of Minnesota on a wholly separate case.

**IV. Defendants' requests are overly broad and untethered to their asserted concern.**

Even if defendants had identified a concrete instructional concern—which they have not—their request for all prosecutorial interactions, all agent testimony, and all exhibits is far broader than necessary. *Douglas Oil* requires tailoring. 441 U.S. at 222.

Agent testimony and exhibits are especially remote from defendants' asserted instructional theory. The testimony and exhibits would reveal the

factual basis for the indictment, but "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence[.]" *United States v. Calandra*, 414 U.S. 338, 345 (1974). The defendants have not articulated how the testimony or exhibits could result in dismissal, and therefore have failed to justify their production.

**V. In camera review is unwarranted**

If the Court concludes there is a risk of instructional error to the grand jury that would support dismissal, it should review the transcripts *in camera.* "When confronted with serious charges of prosecutorial misconduct, it might be a good idea if the district court conducted a preliminary examination in camera of the relevant grand jury transcripts and other materials." *United States v. Singer*, 660 F.2d 1295, 1303 n. 15 (8th Cir. 1981).

*In camera* review is not automatic. *See United States v. Finn*, 919 F. Supp. 1305, 1327 n. 27(D. Minn.)("While we recognize that, in certain instances of serious prosecutorial misconduct, an *in camera* review of the Grand Jury materials would be advisable, we are not confronted by that circumstance here.") Ordering *in camera* review on this record risks creating a low threshold for future cases, effectively inserting an added *in camera* review step in otherwise routine prosecutions.

## CONCLUSION

Defendants' disclosure request depends entirely on their vagueness challenge to Count One. If the Court concludes the indictment is legally sufficient, defendants' theory of impropriety necessarily fails. Because defendants have not identified any case-specific basis to suspect misconduct and because their request far exceeds Rule 6(e)'s narrow exceptions, the Court should deny their motion in full, including their request for *in camera* review.

Dated: October 20, 2026

Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/ Nicholas R. Grey*
BY: NICHOLAS R. GREY
Special Assistant U.S. Attorney
Attorney ID No. 283780CA